UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 18-00066 |
| v. | : | OPINION |
| KEITH CLACK, | : | |
| *Defendant.* | : | |

This matter comes before the Court on the petition by Michelle Owens as "Next Friend" of Defendant Keith Clack ("Mr. Clack") for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i) and for release to home confinement under 18 U.S.C. § 3624(c)(2), as modified by The CARES Act. Petition of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, FSA's COMPASSIONATE RELEASE AND CARES ACT [Dkt. 32] (the "Petition"). For the reasons set forth herein, the Court will deny the Petition without prejudice.

**I.    Background**

In a June 29, 2017 singe-count criminal complaint, Mr. Clack was charged with Possession of Child Pornography in violation of 18 USC § 2252A(a)(5)(B)&(b)(2) and 18 USC§ 2. [Dkt. 1]. Mr. Clack pleaded guilty on February 14, 2018 to knowingly possessing child pornography in violation of 18 USC § 2252A(a)(5)(B)&(b)(2). [Dkt. 20, 21]. On September 11, 2018, Mr. Clack was sentenced to a term of imprisonment for 120 months with supervised release for life. [Dkt. 26]. The Court further ordered that Mr. Clack must pay to the United States a special assessment of $100 and set a date for the final

determination of restitution.[1] *Id.* In determining the appropriate sentence, the Court considered Mr. Clack's background and criminal history, which includes an aggravated sexual assault charge for which he was sentenced to 12 years of incarceration in Atlantic County Superior Court on September 2, 1999. Mr. Clack is presently serving his term of imprisonment at FCI Fairton and his projected release date is February 2, 2026.

Michelle Owens as "Next Friend" moves on behalf of Mr. Clack for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i) and for release to home confinement under 18 U.S.C. § 3624(c)(2), as modified by The CARES Act. *See* Petition. The Petition requests modification of Mr. Clack's sentence based on the following circumstances: (1) "Movant has no access to courts and has medical conditions which are: Asthma, Heart Murmer, High Blood Pressure, and Diabetes[;]" (2) "New Jersey is the epicenter of the COVID-19 pandemic and Governor Murphy issued a statement directing prison officials to release inmates who have tested for the Corona Virus. Attorney General Barr also stated that Home Confinement is not a release from the sentence but, "imposes on us a profound obligation to protect the health and safety of all inmates[;]" and, (3) "Movants designation to Home Confinement would also relieve the family from the undue economic and emotional hardship that was placed on the family by his incarceration." *See* Petition.

The Petition does not aver facts, and the record does not otherwise reflect, that Mr. Clack sought any administrative remedy prior to filing the Petition. Nor does the Petition assert that Mr. Clack should be excused from the exhaustion requirement.

## II.   Legal Standard

---

[1] On February 5, 2019, the Court ordered Mr. Clack to make restitution in the total amount of $5,000. [Dkt. 31].

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction; or

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part that after

considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13.  As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is,

> (C) suffering from a serious physical or medical condition,
>
> (D) suffering from a serious functional or cognitive impairment, or
>
> (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id*.  Additional circumstances that may qualify include, the age of the defendant, family circumstances, and other reasons.  *Id*.

     A prisoner may challenge his detention under The CARES Act. Before The CARES Act was passed, 18 U.S.C. § 3624(c)(2) provided the BOP with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (effective July 19, 2019). As part of The CARES Act, Congress sought to address the spread of the coronavirus in prisons by permitting BOP to expand the use of home confinement under § 3624(c)(2). See Pub. L. No. 116-36, § 12003(b)(2). Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspended the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months.

There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241.[2] *Callwood v. Enos*, 230 F.3d 627, 633-34 (3d Cir. 2000). Because the exhaustion requirement is not jurisdictional, in exceptional cases a petitioner may be excused from exhaustion. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998). In the typical case, an inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). The purposes of the exhaustion requirement include: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy. *Moscato*, 98 F.3d at 761-62.

### III. Discussion

---

[2] The administrative remedy procedure for the BOP is set forth at 28 C.F.R. §§ 542.10 to 542.19. The procedure provides formal review of any complaint that relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10(a). For most complaints, inmates must first attempt to resolve the complaint informally with institution staff. 28 C.F.R. § 542.13(a). If that fails, the inmate may file an administrative remedy request with the Warden of the institution, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the Warden denies the request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, within 30 calendar days from the date the Regional Director signed the response. *Id*. Appeal to the General Counsel is the final administrative appeal. *Id*. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Because Mr. Clack has not demonstrated that he has exhausted the administrative remedies available with the BOP, the Court must deny the Petition.[3] *See Furando v. Ortiz*, 2020 WL 1922357 (D.N.J. April 21, 2020) (denying the habeas petition of inmate serving his federal sentence at FCI-Fort Dix who sought immediate release to home confinement under the CARES Act, based on the COVID-19 virus and his age and chronic medical conditions, which he alleged put him at high risk if he contracted the virus, due to his failure to exhaust BOP administrative remedies available under 28 C.F.R. §§ 542.10 to 542.19.); *Gottstein v. Finley*, No. 3:20-CV-0935, 2020 WL 3078028, at *5 (M.D. Pa. June 10, 2020) (denying petition for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, upon observing that the exhaustion requirement of § 3582(c)(1)(A) is mandatory even in light of the COVID-19 pandemic); *United States v. Early*, 2020 WL 2572276 (W.D. Pa. May 21, 2020) (holding that before a prisoner can file a motion for compassionate release with the court he must exhaust all of his BOP administrative remedies and that exhaustion is mandatory).

Before the court will review any request by Mr. Clack for early release and/or home confinement placement due to the COVID-19 virus, Mr. Clack must exhaust all of his administrative remedies. If Mr. Clack ultimately files an amended petition, he should address this requirement.

---

[3] Mr. Clack has not offered any justification for his apparent failure to exhaust prior to filing the present petition. Thus, the Court will not address whether exhaustion is futile. *See Brown v. Grondolsky*, No. 09-3290, 2009 WL 2778437, at *1-2 (D.N.J. Aug. 31, 2009) (noting that the exhaustion requirement "is diligently enforced by the federal courts" and futility exception applies only in "narrowly-defined circumstances") (citation omitted).

## IV. Conclusion

For the reasons set forth herein, the Court will deny Mr. Clack's Petition for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i) and for release to home confinement under 18 U.S.C. § 3624(c)(2), as modified by The CARES Act, without prejudice and with leave to file an amended request. An appropriate order will follow.

September 28, 2023

s/ Joseph H. Rodriguez  
Hon. Joseph H. Rodriguez, U.S.D.J.